Tammy Hussin (Bar No. 155290)
Lemberg & Associates, LLC
6404 Merlin Drive
Carlsbad, CA 92011
Telephone (855) 301-2100 ext. 5514
thussin@lemberglaw.com

Lemberg & Associates, LLC
1100 Summer Street
Stamford, CT  06905
Telephone:  (203) 653-2250
Facsimile:  (203) 653-3424

Attorneys for Plaintiff,
Stephen Comstock

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **STEPHEN COMSTOCK, ON BEHALF OF HIMSELF AND ALL OTHERS SIMILARLY SITUATED,**<br><br>Plaintiffs,<br><br>vs.<br><br>**HSBC BANK U.S.A, N.A.,**<br><br>Defendant. | Case No.: **'13 CV 0001 CAB JMA**<br><br>**CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELEIF FOR VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, *ET. SEQ.***<br><br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

1.      Plaintiff  brings this class action for damages, injunctive relief, and any other available legal or equitable remedies, based on illegal actions of HSBC Bank U.S.A., N.A. ("HSBC" or "Defendant"), in negligently, knowingly, and/or willfully placing calls to Plaintiff's cellular phone in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* (the "TCPA"), thereby invading Plaintiff's privacy. Plaintiff alleges as follows based on personal knowledge as to his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

## JURISDICTION AND VENUE

2.      Jurisdiction in this District is proper pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227, as Plaintiff seeks up to $1,500.00 in damages for each call placed by Defendant in violation of the TCPA, which when aggregated among the proposed class numbering in tens of thousands of members, exceeds the $5,000,000.00 threshold for federal court jurisdiction.  Plaintiff further alleges a national class, which will result in at least one class member residing in a different state other than Defendant, which results in jurisdiction under 28 U.S.C. § 1332(d)(2)(A). As such, under the Class Action Fairness Act of 2005, both elements of diversity are present and this Court has jurisdiction.

3.      Venue is proper in the United States District Court for the Southern District of California pursuant to 28 U.S.C. §§ 1391(b) and 1441(a), because

Defendant regularly conducts business in the County of San Diego and because the events giving rise to Plaintiff's cause of action occurred within the state of California.

## PARTIES

4.     Plaintiff is, and at all times mentioned herein was, a resident and citizen of the State of California, and is a "person" as defined by 47 U.S.C. § 153(10).

5.     Plaintiff is informed and believes and thereon alleges that HSBC is, and at all times mentioned herein was, a Delaware corporation with its principal place of business in Mattawa, Illinois. Defendant is and at all times herein mentioned was, a corporation and a "person" as defined by 47 U.S.C. § 153(10), and regularly conducts business in the State of California and in the County of San Diego, and within this judicial district.

## PLAINTIFF'S ALLEGATIONS APPLICABLE TO ALL COUNTS

6.     Beginning on or about October 29, 2012, Defendant began placing telephone calls to Plaintiff on Plaintiff's cellular telephone.

7.     At all times mentioned herein, Defendant called Plaintiff using an "automatic telephone dialing system" ("ATDS") as defined by 47 U.S.C. § 227(a)(1) and by using an "artificial or prerecorded voice", as prohibited by 47 U.S.C. § 227(b)(1)(A).

8.     Defendant's ATDS has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

9.     On or about November 1, 2012, Defendant placed a call to Plaintiff's cellular telephone using an ATDS.

10.     During the November 1, 2012 call, Plaintiff spoke with a representative and instructed HSBC to cease placing calls to his cellular telephone.

11.     Thereafter, HSBC continued to place telephone calls to Plaintiff on his cellular telephone using an ATDS and/or an artificial or prerecorded voice.

12.     During the calls from HSBC in which Plaintiff spoke to a live representative, Plaintiff reiterated his instruction to HSBC to cease all calls to his cellular telephone.

13.     Despite Plaintiff's attempts to stop the calls, HSBC continued to place telephone calls to Plaintiff on his cellular telephone using an ATDS and/or an artificial or prerecorded voice.

14.     Plaintiff sometimes heard a prerecorded message delivered by HSBC when he answered the calls from HSBC.

15.     The telephone number called by HSBC was assigned to a cellular telephone service for which Plaintiff incurs charges for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

16.     Plaintiff never provided his cellular telephone number to Defendant through any medium.

17.     Plaintiff never entered into a business relationship with Defendant.

18.     The calls from Defendant to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

19.     Plaintiff never provided prior express consent to Defendant or its agents to be contacted.

20.     The telephone calls placed by Defendant to Plaintiff are in violation of 47 U.S.C. § 227(b)(1)(A).


**CLASS ACTION ALLEGATIONS**

21.     On behalf of himself and all others similarly situated (the "Class"), who were harmed by the acts of Defendant.

22.     Plaintiff represents and is a member of the Class, whose members are defined as:

> **All persons within the United States who received a telephone call from Defendant, or its employees and/or agents on their cellular telephone that was placed using an automated telephone dialing system or an artificial or prerecorded voice, and which call was made without the recipient's prior express consent, and was not made for emergency purposes, within the four years prior to the filing of this Complaint.**

23.     Excluded from the Class are all officers, directors, and employees of Defendant, together with those individuals' immediate family members, and their respective legal representatives, heirs, successors and assigns, the officers, directors and employees of any parent, subsidiary or affiliate of Defendant, together with those individuals' immediate family members, Counsel for Defendant and Class Counsel and

their immediate family members, in addition to those whose claims are barred by the statute of limitations.

24.    Plaintiff, and on behalf of the Class, expressly excludes damages for recovery based on personal injury and claims related thereto, and seeks damages and injunctive relief only for economic injury on behalf of the Class. Plaintiff reserves the right to expand the Class if warranted as further facts are discovered in investigation and discovery.

25.    Defendant harmed Plaintiff and the members of the Class by illegally contacting Plaintiff and the Class members on their cellular telephones causing charges to be incurred by Plaintiff and the Class, or by reducing cellular telephone time for which Plaintiffs and the Class members previously paid in having to retrieve or administer messages left by Defendant during the aforementioned calls, and by invading the privacy of said Plaintiffs and the Class members. Plaintiff and the Class members were damaged thereby.

26.    Upon information and belief, Defendant placed calls using an ATDS and/or using an artificial or prerecorded voice to cellular telephone numbers belonging to tens of thousands of persons throughout the United States without their prior express consent and not for emergency purposes.  The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable, and the disposition of their claims in the Class action will provide substantial benefits to the

parties and the Court.

27.     The exact number and identities of the Class members are unknown at this time and can only be ascertained through discovery.  Identification of the Class members can be had from Defendant's or its agents' records.

28.     There are common questions of law and fact raised in this Complaint which predominate over any questions affecting only individual Class members.

29.     The following questions of law and fact predominate over questions that might affect individual Class members and are ripe for determination:

> a.  Whether Defendant made any call to Plaintiff and Class members using an ATDS or an artificial or prerecorded voice to any telephone number assigned to a cellular telephone service within the four years prior to the filing of this complaint, other than a call that was made with the prior express consent of the recipient or made for emergency purposes;

> b.  Whether the acts of Defendant damaged Plaintiff and the members of the Class and the extent of damages for said violation;

> c.  Whether Defendant should be enjoined from engaging in any such conduct in the future.

30.     Plaintiff asserts claims that are typical of the Class in that Defendant placed calls to Plaintiff's cellular telephone numerous times using an ATDS or

artificial or prerecorded voice without his prior express consent and not for emergency purposes.

31.     The common questions in this case are capable of having common answers.  If Plaintiff's claim that Defendant routinely places calls using an ATDS and/or using an artificial or prerecorded voice to telephone numbers assigned to cellular telephone services without prior express consent and not for emergency purposes is accurate, Plaintiff and the Class members will have identical and typical claims capable of being efficiently adjudicated and administered in this case.

32.     Plaintiff will fairly and adequately represent and protect the Class interests, and has no antagonistic interests to any Class members.

33.     All Class claims arise from the very course of conduct and specific activities complained of herein and require application of the same legal principles.

34.     Irreparable harm has been suffered by Plaintiff and the Class members as a result of Defendant's wrongful and illegal conduct. The Class would continue to face the potential for potential harm absent a class action.

35.     Without the class action, Defendant will likely proceed without penalty and will continue its unlawful conduct. Defendant cannot otherwise be induced to comply with state and federal laws in the absence of Class wide damages, and the class action is a superior vehicle for the fair and efficient adjudication of this controversy.

36.     Most members of the Class would find the cost of litigating their claims

prohibitive in the absence of a class action, and therefore few Class members could seek individual legal redress for the wrongs perpetrated by Defendant.

37.     Plaintiff has retained counsel experienced in litigating class actions and consumer claims and who stands ready, willing, and able to represent the Class.

38.     The members of the Class are generally unsophisticated individuals whose rights will not be vindicated absent a class action. The interest of the Class members in prosecuting individual claims against Defendant is small because the statutory damages in an individual claim for violation of privacy is minimal. Additionally, management of these claims as a class is superior to multiple individual actions or piecemeal litigation in that it conserves the resources of both the Court and the litigants, and promotes consistency and efficiency of adjudication.

39.     Appropriate injunctive and declaratory relief with respect to the Class as a whole can be had, insofar as Defendant wrongfully acted on grounds generally applicable to the Class.

40.     Prosecution of separate actions could result in inconsistent or varying adjudications with respect to individual Class members that would establish incompatible standards of conduct for Defendant.  Conversely, adjudications with respect to individual Class members would be dispositive of the interest of all other Class members.

41.     Additionally, Plaintiff and the Class are entitled to and seek injunctive

relief prohibiting such conduct by Defendant in the future.

## COUNT I
## NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT,
## 47 U.S.C. § 227, *ET SEQ.*

42.    Plaintiff re-alleges all of the above paragraphs of this Complaint and incorporates them by this reference as though fully stated herein.

43.    Each of the aforementioned calls by Defendant constitutes a negligent violation of the TCPA, including each of the aforementioned provisions of 47 U.S.C. § 227, *et. seq*.

44.    As a result of Defendant's negligent violations of the TCPA, Plaintiff and the Class are entitled to an award of $500.00 in statutory damages for each call in negligent violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).


## COUNT II
## KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT,
## 47 U.S.C. § 227, *ET SEQ.*

45.    Plaintiff re-alleges all of the above paragraphs of this Complaint and incorporates them by this reference as though fully stated herein.

46.    Defendant's acts as detailed herein constituted numerous knowing and/or willful violations of the TCPA, in that the calls placed by Defendant were made without prior express consent of Plaintiff and other members of the Class.

47.    As a result of Defendant's knowing and/or willful violations of the TCPA,

Plaintiff and the Class are entitled to an award of treble damages in an amount up to $1,500.00 for each and every knowing and/or willful violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays, on behalf of himself and of the members of the Class, that the Court grants the following relief against Defendant:

1. Injunctive relief pursuant to 47 U.S.C. § 227(b)(3)(A) prohibiting such violations of the TCPA by Defendant in the future;

2. Statutory damages for Plaintiff and each Class member of $500.00 for each and every call made by Defendant in negligent violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B);

3. Statutory damages for Plaintiff and each Class member of $1,500.00 for each and every call made by Defendant in knowing and/or willful violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(C);

4. An award of attorney's fees and costs to counsel for Plaintiff and the Class; and

5.  Such other relief as the Court deems just and proper.

## TRIAL BY JURY DEMANDED ON ALL COUNTS

DATED:  January 2, 2013                    TAMMY HUSSIN


By:   */s/   Tammy Hussin*
Tammy Hussin, Esq.
Lemberg & Associates, LLC
Attorney for Plaintiff, Stephen Comstock